by different indictments, cannot be introduced as witnesses for one another," a witness offered by defendant, who was charged by information with having committed the same offense at the same time and place, is incompetent to testify in behalf of the defendant.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 507.*]

Appeal from Rains County Court; O. H. Rodes, Judge.

T. F. Robertson was convicted of disturbing the peace, and he appeals. Affirmed.

W. W. Berzett, for appellant. C. E. Lane, Asst. Atty. Gen., for the State

PRENDERGAST, J. [1] By proper complaint and information the appellant was charged in the county court with disturbing the peace. The evidence introduced was sufficient to establish, and the jury by its verdict evidently so found, that the appellant, at night, on the public streets in the town of Emory, Rains county, in company with another, sang vulgar songs, and talked loud, and holloed. The talking and singing was loud and vociferous, and all done in such a manner as to disturb the peace. In view of the verdict of the jury and the action of the lower court, the evidence was amply sufficient to sustain the verdict. So that appellant's contention that the evidence was insufficient is not well taken.

[2] By appellant's bill of exception it is shown that the state offered in evidence the testimony of W. L. Green to the effect that he was in his home asleep and some one holloing woke him up; that he did not know who it was holloing, or what time of night it was when he heard the holloing; it was some time between the hours of 9 and 12 o'clock on the night of the 13th of March, 1910; "I didn't know that the defendant was in town on that night"—to which testimony the appellant then and there objected, which said objection was overruled by the court, and said testimony was admitted, to which appellant excepted. It will be seen that this bill is clearly insufficient, in that it does not inform the court of what the other testimony was, so as to show whether or not this was admissible, nor is any objection stated in the bill. As the matter is presented to us, there was no error in the action of the court.

[3] By another bill the appellant complains as follows: "The defendant offered Grover Stuart as a witness for the defendant; that he would have testified that he was with the defendant on the night of the 13th of March, 1910, and that he knows he did not commit the act alleged against him in the information in this cause; that he did not curse or swear, or use loud and vociferous language, or yell or shriek; that the state objected to the testimony of Grover Stuart, for the reason that the state claim-ed that this witness was a principal in the commission of the offense alleged in the information against the defendant; that he was charged with disturbing the peace at the same time and place, and the court sustained said objection and excluded said testimony, to which appellant excepted." The court, in approving this bill, qualified it by stating "The witness Grover Stuart was, at the time he was offered as a witness, charged by information then filed in this court with having committed the same offense as the defendant at the same time and place, and the proof showed that they were singing and holloing together."

Article 91 of the Penal Code provides: "Persons charged as principals, accomplices or accessories, whether in the same indictment or by different indictments, cannot be introduced as witnesses for one another, but they may claim a severance; and if any one or more be acquitted they may testify in behalf of the others." This bills shows that this witness was incompetent to testify as proposed by this bill, and the court did not err in excluding the testimony. Article 91, Penal Code; Rutter v. State, 4 Tex. App. 57.

There being no reversible error pointed out, the judgment is affirmed.

DAVIDSON, P. J., absent.

---

## FEINGOLD v. LEFKOVITZ.

(Court of Civil Appeals of Texas. San Antonio. Oct. 11, 1911.)

1. COURTS (§ 247*)—APPELLATE JURISDICTION —REDISTRICTING FOR COURTS OF CIVIL APPEALS.

In the absence of any special provision in Acts 32d Leg. c. 120, creating two additional Courts of Civil Appeals, and redistricting the state, jurisdiction of an appeal perfected after the statute went into effect is determined by the redistricting, though the case was tried below before the statute went into effect.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 247.*]

2. COURTS (§ 483*)—APPEAL TO WRONG COURT —DISMISSAL.

The appeal, not being to the proper court under Acts 32d Leg. c. 120, creating two additional Courts of Civil Appeals, and redistricting the state, will be dismissed, and appellant left to ask leave to file his record in the proper court on a reasonable showing as to his failure to file the transcript in time; no power being given the court to which appeal is taken to transfer it to the proper court.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 483.*]

Appeal from El Paso County Court; Albert S. Eylar, Judge.

Action between Leon Feingold and Samuel Lefkovitz. From the judgment, Feingold appealed. Dismissed.

Brown & Terry, for appellant. S. P. Weisiger, for appellee.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

FLY, J. At the regular session of the Thirty-Second Legislature of Texas, which convened on January 10, 1911, an act was passed, creating two additional Courts of Civil Appeals in the state of Texas, and re-districting the state into eight supreme judicial districts. Gen. Laws of Tex. of 1911, p. 269. By that act, several counties then forming a part of the Fourth supreme judicial district, among them the county of El Paso, were made a part of the Eighth supreme judicial district. That act went into effect 90 days from the adjournment of the Legislature, which adjournment took place on March 11, 1911. The appeal in this case was perfected by the filing of the appeal bond on June 17, 1911, at a time when the act aforementioned had gone into effect, and this court had no further jurisdiction of appeals perfected from El Paso county.

No provision is made in the act of the Legislature as to jurisdiction in causes that had been tried in the counties then in the old districts, in which appeals should be perfected after the act went into effect; but it seems clear to the minds of this court that an appeal perfected after the law had gone into effect must be heard and determined in the district to which the county of the venue is attached. Had the power been given this court by the statute, the cause would be transferred to the court at El Paso; but, in the absence of that authority, the appeal will be dismissed, and appellant will be left in a position to ask leave to file his record in the proper court, upon a reasonable showing as to his failure to file the transcript within the prescribed time.

The appeal is dismissed.